FAISON v. HICKS.

(December 19, 1900.)

1. *Mortgages—Judgment—Estoppel.*

> Where a person fails to object to a judgment of foreclosure decreeing a sale and distribution of funds, he is estopped from objecting to a distribution under the judgment.

2. *Mortgages—Receivers—Rents—Junior Mortgagees—Senior Mortgagees.*

> Where a junior mortgagee in a foreclosure suit makes a motion for a receiver, such mortgagee is entitled to the rents accruing during the foreclosure.

3. *Mortgages—Foreclosure—Re-sale—Costs.*

> Where a junior mortgagee in a foreclosure suit, deposits a check as a 10 per cent advance bid on the property, it is error to appropriate a part of the check to payment of costs.

CIVIL ACTION by Isham R. Faison against Lewis T. Hicks and wife, R. W. Hicks, and Isham F. Hicks, heard by Judge *H. R. Bryan,* at December Term, 1899, of DUPLIN Superior Court. From a decree in favor of the plaintiff, the defendant, R. W. Hicks, appealed.

*Allen & Dortch,* and *H. E. Faison,* for the plaintiff.
*Stevens, Beasly & Weeks,* for the defendant.

MONTGOMERY, J. On the 15th day of February, 1886, the defendant, L. T. Hicks, and his wife executed a deed of trust upon certain land and personal property, therein described, to secure a debt to the defendant, I. F. Hicks, of $528 and interest due by note, a debt due to the plaintiff of $2,300 by note, and a debt to the defendant, R. W. Hicks, in

the sum of $400, by open account for goods sold and deliv-
ered.    The deed provided that if the debtor, Lewis T. Hicks,
should pay the indebtedness on or before the 1st day of Janu-
ary, 1887, the instrument should be void; but that if default
should be made in the payment of the indebtedness when the
same should become due on January 1, 1887, then that the
plaintiff, after a notice to the debtor and wife, and advertise-
ment as required in the deed, should be empowered to sell the
land and the personal property, and apply the proceeds of the
sale towards the payment—First, of the debt due to I. F.
Hicks; second, to the debt due to the plaintiff; and, third, to
the debt due to R. W. Hicks; and if any surplus should re-
main, the same to be paid to Lewis T. Hicks and wife.    The
plaintiff brought this action to recover judgment against the
defendants, Lewis T. Hicks and wife, for the amount of his
note, to have canceled and declared settled in full the other
debts mentioned in the deed of trust, the allegation having
been made in the complaint that they had been paid by the
debtor, L. T. Hicks, and that the land and personal property
conveyed in the deed of trust should be decreed to be sold
by the Court, the proceeds of the sale to be applied to plain-
tiff's debt.    The debt of I. F. Hicks having been paid, he
did not answer.    The defendant, R. W. Hicks, filed an an-
swer, in which he averred that his debt was on the day of
the execution of the deed of trust much more than $400, the
amount named in the deed, for goods and merchandise sold
and delivered to L. T. Hicks, and that after numerous pay-
ments the debt was still more than $300, with interest on the
same.    He further averred that it was the duty of the plain-
tiff, as trustee, on the 1st of January, 1887, the debts men-
tioned in the deed, at least the debt due to him, R. W. Hicks,
not having been paid, to have sold the property described in
the deed, and out of the proceeds of sale to have paid the

debt, but that the plaintiff had failed to discharge his duty
in that respect.    Affirmative relief was prayed by the defend-
ant against the plaintiff for an account and for a judgment
against him for the balance of his debt.    At the August
Term, 1896, of the Superior Court, there was a consent refer-
ence under The Code.    A hearing was had before the referee,
and a full report made by him to the Court, and to which
report numerous exceptions were filed by the defendant. The
exceptions were considered and passed upon at the December
Term, 1896, and a judgment was rendered in which the
Court overruled the referee's finding of law that only $400
of the defendant's debt was secured in the deed of trust, and
in which it was declared that the whole debt due by L. T.
Hicks to the defendant by open account, at the time the deed
of trust was executed was secured, and that $327.24 was still
due and secured in the deed of trust.    The plaintiff was
charged, because of his neglect of duty by which most of the
personal property had been lost, or wasted, with the value
of the property conveyed to him in the deed of trust, as found
by the referee, to-wit, $2,240, and interest on the same from
January 1, 1887, and the plaintiff was allowed his debt, to-
wit, $2,300, and interest on the same from February 15,
1886, to be paid out of the property.    And it was recited in
the judgment that, as the payment of the plaintiff's debt
exhausted the amount with which he was charged, it was
therefore further adjudged that R. W. Hicks recover nothing
from the plaintiff, but that he recover the balance of his debt,
with interest, from L. T. Hicks, and that the plaintiff recover
of L. T. Hicks his debt of $2,300, with interest from Febru-
ary 15, 1886, and his costs.    A decree of foreclosure was
then entered, and commissioners appointed to make sale of
the property, the proceeds to be applied to the payment, first,
of the plaintiff's debt, then to the payment of the debt of

R. W. Hicks, and the surplus, if any should remain, to be paid to L. T. Hicks and wife. The plaintiff was allowed to bid at the sale, and the commissioners ordered to make a sale of the property, and report at the August Term, 1897, of the Superior Court. There was no exception made by either the plaintiff or defendant to that judgment. At the December Term, 1899, of the Superior Court, the report of the sale of the property by the commissioners was confirmed, and they were ordered to make deed to the purchaser. It was further adjudged that the plaintiff, when the deed should have been delivered to him (he having been the purchaser), should credit his judgment against the defendant, L. T. Hicks, with the amount of his bid, to-wit, $2,223.10 less the sum of $50, which was allowed the commissioners for making the sale and deed. It was further adjudged that the amount of $80.30, proceeds of rent collected and returned by the receiver in the case, be paid over to the plaintiff, less $12.50, which was allowed the receiver for his services, to be credited on his judgment. It was further adjudged that a certain check, which the defendant, R. W. Hicks, had deposited with the Clerk of the Court, in this cause (the same having been deposited as the 10 per cent advance bid on the property, in order that a re-sale might be had), be returned to R. W. Hicks, less the cost of this case since the first sale was reported to the Court. The defendant, R. W. Hicks, excepted to the judgment, and appealed.

In respect to the exception to that part of the judgment, which appropriates the proceeds of the sale of the property (the bid of the plaintiff for the same) to the plaintiff's debt, we can hardly take the brief of the defendant's counsel to be serious. For the purposes of determining whether or not the defendant, R. W. Hicks, had been injured by the failure of the plaintiff to take into his possession and sell the prop-

erty described in the deed of trust when the debts mentioned therein fell due, to-wit, on the 1st day of January, 1887, his Honor Judge COBLE, who rendered the first judgment, charged the plaintiff with the entire value of the property as it was found by the referee, and added the interest thereto from the last-mentioned date up to the judgment. He then gave judgment in favor of the plaintiff for his debt against the common debtor, L. W. Hicks, which debt, with the accumulated interest, exceeded the value of the entire property. The sale of the property then was ordered, the proceeds of the sale to be applied to the debt of the plaintiff first, with the distinct declaration that R. W. Hicks should not recover anything of the plaintiff for his imputed negligence. The defendant did not, as we have seen, make exception to this judgment; and yet, in his exception to the judgment of Judge Bryan, in which the proceeds of the sale were distributed according to the judgment of Judge COBLE, he in substance, demands that the Court will charge the trustee with the value of the property, the whole being in amount less than the plaintiff's debt first secured in the deed, and then take it from him. The bare statement of the contention is its own refutation. There was no error in that part of the judgment which adjudged the application of the proceeds of the sale—the bid of the plaintiff—to the credit of the plaintiff's judgment. The defendant was entitled to no part of it.

There was error, however, in that part of the judgment which ordered the application of the fund derived from the rents in the receiver's hands to the plaintiff's debt, and the appropriation of a part of the check deposited by the defendant with the Clerk to the payment of a part of the costs. If the defendant had made the motion for a receiver in a separate action, he certainly would be entitled to the rents. In *Post v. Dorr*, 4 Edw. Ch., 412, it is said: "It appears to be

an established rule that a second or third mortgagee, who succeeds in getting a receiver appointed, becomes thereby entitled to the rents collected during the appointment, although a prior mortgagee steps in and obtains a receivership in his behalf, and fails to obtain enough out of the property to pay his debt. This is on the principle that a mortgagee acquires a specific lien upon the rents by obtaining the appointment of a receiver of them; and, if he be a second or third incumbrancer, the Court will give him the benefit of his superior diligence over his senior in respect to the rents which accrue during the time that the elder mortgagee took no measures to have the receivership extended to his suit and for his benefit." We see no reason why the same rule should not be applied in this action. The plaintiff was seeking to have judgment of foreclosure, and had allowed eight years to pass before he commenced his proceedings, and during their pendency—during four years—failed to take any steps to reach the rents through the appointment of a receiver, and when the defendant made the motion, notice of which was given to the plaintiff, the plaintiff then failed and refused to take any active part in the matter. He was therefore not justly entitled to the rents. As to that part of the judgment condemning a part of the check to the payment of a part of the costs, it is enough to say that the check was placed in the hands of the clerk for a specific purpose. It had answered that purpose, and was not before the Court for any other purpose, and was no more subject to the order of the Judge than any other property of the defendant not before the Court. The judgment is affirmed, subject to the modifications pointed out in the errors mentioned.

Modified and affirmed.